UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PAUL VANDEWALLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 3:07-CV-400 PPS |
| | ) | |
| CPL PAUL MOFFA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Plaintiff Paul Vandewalle filed this action against Defendants Paul Moffa, St. Joseph County and its Sheriff's Department, and the Indiana State Police (ISP), asserting claims under 42 U.S.C. § 1983 and a variety of state tort theories. (*See* DE 1.) According to the complaint, Moffa, an officer employed by the St. Joseph's Sheriff's Department, was directing traffic when he engaged in an altercation with Vandewalle and his wife that ultimately lead to Vandewalle's arrest. (*Id.*) ISP filed its answer to the Complaint on November 9, 2007. (DE 15.) Both the pleadings and discovery are now closed, and ISP has moved for judgment on the pleadings, (DE 43). Vandewalle concedes that the motion should be granted. (*See* DE 51 at 13.) Because Vandewalle cannot prove any facts to support a claim for relief against the ISP, the motion is granted.

Federal Rule of Civil Procedure 12(c) allows a court to issue judgment on the pleadings. Seventh Circuit precedent decides Rule 12(c) motions by reference to the same standard applicable to dismissals under Rule 12(b)(6). *See Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004). *See also R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating*

1

*Eng'rs, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003). Thus, courts are to accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Guise*, 377 F.3d at 798. A Rule 12(c) motion should be granted "only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Supreme Laundry Serv., L.L.C. v. Hartford Cas. Ins. Co.*, 521 F.3d 743, 746 (7th Cir. 2008) (quotation marks and brackets omitted). *See also Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).

ISP asserts two bases for its Rule 12(c) motion. First, it argues that it is immune from this suit under the Tenth and Eleventh Amendments to the United States Constitution. (*See* DE 44 at 2.) Second, it argues that it is not a "person" within the meaning of § 1983. (*See id*. at 3.)

Vandewalle concedes that the motion is well-taken, (*see* DE 51 at 13), and the Court's independent analysis confirms that the motion should be granted. First, the Eleventh Amendment immunizes non-consenting states, and their components such as ISP, from suits like Vandewalle's. *See Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 694-95 (7th Cir. 2007) (citing *Edelman v. Jordan*, 415 U.S. 651 (1974)). *See also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). There are three exceptions to the Eleventh Amendment's immunity: (1) waiver by the state, thereby consenting to the suit; (2) Congressional abrogation; and (3) the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), where the suit seeks prospective equitable relief. *See Peirick*, 510 F.3d at 695. None of these situations apply here.

Second, ISP is also correct that it is not a "person" for purposes of § 1983 liability. *See Endres v. Ind. State Police*, 349 F.3d 922, 927 (7th Cir. 2003). *See also Will*, 491 U.S. at 66.

Because of these two impediments, even assuming all of the allegations in Vandewalle's complaint to be true, there is no way he prove any facts to support a claim for relief against ISP. Therefore, there are no material issues of fact to be resolved. Consequently, ISP's motion should be granted. *See Supreme Laundry*, 521 F.3d at 746.

For the foregoing reasons, the Court **GRANTS** Defendant Indiana State Police's Motion for Judgment on the Pleadings [DE 43]. The claims against the Indiana State Police are therefore **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

ENTERED: December 2, 2008

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT